UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-561-H

BOBBY RAYMER and
NANCY RAYMER                                                                           PLAINTIFFS

V.

POLARIS INDUSTRIES, INC.
and
WELCH COMMUNITY HOSPITAL, INC.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed a suit against Polaris Industries, Inc. ("Polaris") and Welch Community Hospital, Inc. ("Welch Hospital") in the United States District Court for the Western District of Kentucky. The complaint alleges a design defect claim against Polaris and a medical malpractice case against Welch. Recently, Welch Hospital moved to dismiss on the grounds that Plaintiffs' lack personal jurisdiction over its person. The three-prong test in *Southern Mach. Co. v. Mohasco Indus. Inc.*, 401 F.2d 374 (6th Cir. 1968) still controls the question of personal jurisdiction.

Here, Plaintiff was injured in an accident which occurred in West Virginia and was taken to Welch Hospital for treatment which was rendered in West Virginia. The facts from which the lawsuit arose all occurred in West Virginia. Welch Hospital is incorporated in West Virginia and has not engaged in any business or persistent course of conduct within the state of Kentucky. Consequently, it cannot be said that Welch Hospital has availed itself of the privilege of doing

business in the state of Kentucky. Finally, Welch Hospital's actions have not caused any substantial connection with the state of Kentucky to make the exercise of jurisdiction over it reasonable.

Plaintiffs have a burden of establishing jurisdiction, which they have failed to meet on this particular occasion. *See LAK, Inc. v. Deer Creek Enter.,* 885 F.2d 1293, 1304 (6th Cir. 1989). The question presented does not concern the convenience of the parties and witnesses. Nor is it related to the issue of the Court's jurisdiction over Polaris, which is an entirely separate issue. While it may be true that Plaintiff may "select the forum in which to bring their lawsuit," such a selection does not guarantee jurisdiction over those selected as defendants.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss based on the absence of jurisdiction is SUSTAINED and the complaint against Welch Hospital is DISMISSED WITHOUT PREJUDICE.

The complaint against Polaris Industries remains.

cc: Counsel of Record

2